Francis X. Conlon, J.
The first canse of action makes an omnibns allegation (par. 9) that the petitioners have been denied the vacation with pay, sick leave with pay, retirement terminal leave with pay, regular holidays with pay, and other authorized absences with pay, to which petitioners claim they are entitled. There are, however, almost 70 petitioners, and one of them sues as president of Magistrates Court Clerks Association, as well as individually. No facts are set forth to indicate what absences and leaves any particular petitioner received and what leaves he should have received. The allegations of paragraph 9, previously referred to are, in the circumstances nothing more than a conclusion of law, unsupported by ultimate facts. It is to be noted that the answer (par. 2) alleges that the petitioners have been receiving the absences and leaves demanded, and that the answering affidavit states: “It is *449 believed that said petitioners have all received not less than 27 work days, but if any of them has received only 25 or 26 work days leave, and duly establishes this to be the fact, he will be promptly granted the additional leave. Each of the petitioners has also received sick leave equivalent to 12 work days per annum in all instances where sickness occurred.”
The motion is, accordingly denied as to the first cause of action, with leave to serve an amended petition, in which the facts relating to the vacations, absences, and leaves granted and refused to each petitioner shall be specifically set forth in such a manner that the rights, if any, of each petitioner may be intelligently determined. The motion may be renewed, on the basis of the amended petition, as to the relief sought in the first cause of action. The amended petition is to be served within 10 days from the service of a copy of this order with notice of entry.
The motion is, however, denied, without leave to amend, as to the second cause of action. The provisions of section 161 of the Labor Law are inapplicable here. The provisions of the Administrative Code of the City of New York relied upon by petitioner, are also inapplicable in view of the provisions of sections 81 and 101 of the New York Criminal Courts Act. Those who are assigned to work every fifth week end work 120 hours, additional, per year, during said week ends. However, since they work only seven hours per day on week days, they work 260 hours less, per year, than other city employees who are required to work an eight-hour day, so that they come out 140 hours ahead after subtraction of their week-end work hours.